UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-134-KAC-JEM |
| | ) | |
| TRIMAINE HERNANDEZ LATOUR, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Trimaine Herandez Latour's Motion to Continue Trial Date and Relevant Deadlines [Doc. 13], which he filed on January 9, 2026.

Defendant requests the Court to continue the motion and plea deadline, and the trial, set for February 10, 2026 [*Id.* at 1]. In support of the motion, Defendant states that his counsel has been involved in a good faith effort to resolve his case [*Id.* ¶ 1]. Despite defense counsel's due diligence, additional time will be required to communicate with Defendant, discuss factual issues, legal issues, potential motions, and confer with the Government regarding a potential resolution of this matter [*Id.*]. Defendant's motion reflects that the Government does not oppose the proposed continuance [*Id.*.¶ 4]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to consult with Defendant, consider factual and legal issues, as well as pretrial motions, continue plea discussions, and if those are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the February 10, 2026 trial date.

The Court therefore **GRANTS** Defendant Trimaine Herandez Latour's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 13**]. The trial of this case is reset to **May 19, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on January 9, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B). At this time, the Court declines to reopen the pretrial motion deadline. If Defendant wishes to reopen the pretrial motion deadline, he may file an appropriate motion demonstrating good cause.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Trimaine Herandez Latour's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 13**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 19, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 9, 2026**, and the new trial date of **May 19, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 17, 2026**;

(5) the deadline for filing motions *in limine* is **May 4, 2026**, and responses to motions *in limine* are due on or before **May 12**, **2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 30, 2026, at 11:00 a.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 8, 2026.**

**IT IS SO ORDERED.**

        ENTER:

        */s/ Jill E. McCook*
        Jill E. McCook
        United States Magistrate Judge